HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP ARNOLD,

    Plaintiff,

v.

CITY OF LAKEWOOD, a municipality, and ANDY HALL, in his personal and official capacities,

    Defendants.

No. 10-05907-RBL

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT [Dkt. #21]

THIS MATTER comes before the Court on Defendants' Motion for Partial Summary Judgment. [Dkt. #21]. The City seeks summary judgment on Plaintiff's state law claims, arguing that Plaintiff failed to comply with state law claims notice procedures.

## I.    FACTS

This case arises out of an altercation between Plaintiff Philip Arnold and Lakewood police officers. On September 26, 2008, Plaintiff Arnold allegedly evaded officers as they attempted to pull his vehicle over. The officers eventually cornered Arnold in a parking lot. When Arnold continued to attempt escape, Officer Andy Hall discharged his weapon at Arnold, striking him in the side of the face and the upper torso.

Plaintiff sued the City of Lakewood and Officer Hall, claiming that the City failed to adequately train its police officers in proper use of deadly force under 42 U.S.C. §1983, and that

ORDER - 1

Defendants violated the federal constitution. He also asserts state law assault, battery, and outrage claims. [Second Am. Complaint, Dkt. #20]. Defendants seek partial summary judgment on the state law claims, arguing that Plaintiff failed to properly serve the state claims under state law.

## II.     DISCUSSION

Defendants argue that Plaintiff's state law claims should be dismissed because he did not comply with the Washington state claim service statute. They argue that because Plaintiff did not serve the claim to a specific agent designated to receive claims, it was improperly served under RCW §4.96.020(2). Plaintiff argues that he "substantially complied" with the service statute because he served the claim to the correct department.

RCW §4.96.020(2) provides that state claims shall be served on an agent specifically designated to receive claims:

> The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located. *All claims for damages* against a local governmental entity, or against any local governmental entity's officers, employers, or volunteers, acting in such capacity, *shall be presented to the agent* within the applicable period of limitations within which an action must be commenced.

Under RCW §4.96.020(5), all procedural requirements of the claim service statute must be liberally construed:

> With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that *substantial compliance will be deemed satisfactory*.

Because plaintiff served the correct department, he "substantially complied" with the statute. Plaintiff's state claims were properly served in accordance with §RCW 4.96.020.

Therefore, Defendants' Motion for Partial Summary Judgment on the Plaintiff's state law claims [Dkt. #21] is DENIED.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE