HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP ARNOLD,

    Plaintiff,

v.

CITY OF LAKEWOOD, a municipality, and ANDY HALL, in his personal and official capacities,

    Defendants.

No. 3:10-cv-05907-RBL

ORDER GRANTING DEFENDANT CITY OF LAKEWOOD'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. #23]

THIS MATTER comes before the Court on Defendant City of Lakewood's Motion for Judgment on the Pleadings. [Dkt. #23]. The City argues that Plaintiff does not allege sufficient facts in his Second Amended Complaint [Dkt. #20] to support his *Monell* action against the City. Plaintiff argues that the facts alleged in the Complaint are sufficient, and discovery will further support the merits of his *Monell* claim.

## I.    FACTS

This case arises out of an altercation between Plaintiff Philip Arnold and Lakewood police officers. According to Plaintiff, on September 26, 2008, he unlawfully evaded police officers despite commands to pull over and exit the vehicle. The officers cornered Arnold in a parking lot. When Arnold continued to attempt escape, Officer Andy Hall discharged his gun at Arnold. Arnold was struck in the side of the face and the upper torso.

ORDER - 1

Plaintiff sued the City of Lakewood under *Monell*, claiming that it failed to adequately train its police officers in the proper use of deadly force. [Second Am. Complaint, Dkt. #20]. The City moves to dismiss, arguing that Plaintiff has failed to allege sufficient facts to support the *Monell* claim.

## II.    STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings is evaluated under the same standard as a motion under Rule 12(b)(6). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

## III. DISCUSSION

**Plaintiff does not allege sufficient facts to support a *Monell* claim.**

The City argues that Plaintiff recites the elements of a *Monell* claim, but does not allege facts to support it. In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). Under *Monell*, a plaintiff must allege (1) that a municipality employee violated a constitutional right; (2) that the municipality has customs or policies that amount to deliberate indifference; and (3) those customs or policies were the "moving force" behind the constitutional right violation. *Board of County Com'rs v. Brown*, 520 U.S. 397, 404 (1997). A municipality is not liable simply because it employs a tortfeasor. *Monell*, 436 U.S. at 691. A municipality may be liable for inadequate police training when "such inadequate training can justifiably be said to represent municipal policy" and the resulting harm is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); *id.* (quoting *Board of County Com'rs*, 520 U.S. at 409).

The City argues that Plaintiff has not alleged sufficient facts to support his *Monell* claim. Under Rule 12(c), Plaintiff must allege enough facts to raise a right to relief under *Monell* above the speculative level. *Twombly*, 550, U.S. at 555. Plaintiff claims that the officers commanded him to pull his vehicle over to the side of the road, and that he initially obeyed, but drove away when Officer Andy Hall approached the vehicle. According to Plaintiff, he was surrounded by

officers after he drove into a parking lot. He again attempted escape by driving through a flower garden and into a fenced area. Plaintiff claims that the officers pulled up directly behind him and commanded that he and his passenger exit the vehicle. He admits that they did not comply. Officers attempted to remove them from the vehicle. Plaintiff alleges that when Officer Babcock was handcuffing the passenger, he again attempted to drive away. Plaintiff alleges that, at that point, Officer Hall discharged his weapon at Plaintiff. [Second Am. Complaint, Dkt. #20, at p. 2– 4].

These facts do not support a claim that Officer Hall inappropriately used deadly force against Plaintiff. They tend to show the opposite: that Officer Hart acted reasonably in response to Plaintiff's unlawful repeated attempts at escape. Moreover, even if Officer Hall did use excessive deadly force when discharging his weapon, Plaintiff does not allege any facts that would support a conclusion that Officer Hall's conduct was the result of a City policy or training procedure. The alleged facts do not make a *Monell* claim plausible.

Therefore, the City's Motion for a Judgment on the Pleadings [Dkt. #23] is GRANTED, and Plaintiff's *Monell* claim against the City is DISMISSED.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE